IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY ENDICOTT,

        Plaintiff,

v.

COMMISSIONER,
Social Security Administration,

        Defendant.

Civil No. 2:15-cv-01236-MA

OPINION AND ORDER

BRUCE W. BREWER
P.O. Box 421
West Linn, OR 97068

        Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
JANICE E. HEBERT
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97204

1 - OPINION AND ORDER -

JORDAN D. GODDARD
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

MARSH, Judge.

Plaintiff, Timothy Endicott, brings this action for judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for supplemental security income ("SSI") under title XVI of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, the final decision of the Commissioner is AFFIRMED.

## PROCEDURAL BACKGROUND

On October 31, 2011, Plaintiff filed an application for SSI alleging disability beginning May 1, 2005. Tr. 137-45. Plaintiff alleged disability due to severe depression, severe anxiety attacks, crushed/cracked vertebrae, high blood pressure, a torn rotator cuff, and luekoplakia in his throat. Tr. 137-45, 178. Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing. Tr. 65-76, 78-90.

On November 18, 2013, a hearing was held before Administrative Law Judge ("ALJ") James W. Sherry. Tr. 33-64. On December 20, 2013, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 10-32.

Plaintiff requested review of the ALJ's decision, which the Appeals Council denied on May 12, 2015. Tr. 1-7. Accordingly, the ALJ's December 20, 2013, decision became the final decision of the Commissioner.

## FACTUAL BACKGROUND

Born in 1960, Plaintiff was 51 years old when he filed his application for SSI disability benefits, and 53 years old on the date of the ALJ's decision. Tr. 137. Plaintiff dropped out of high school after completing the eleventh grade and did not earn a high school equivalence degree, but he later attended college for two years. Tr. 42, 179. Plaintiff was self-employed as a singer and bass player in a band for 30 years, but he has no "past relevant work," as defined by the Commissioner's regulations at 20 C.F.R. § 416.965. Tr. 26, 179.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(a)(4)(i)-(v). Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden shifts to the Commissioner at step five to show that a significant number of jobs exist in the national economy that the claimant can perform. *Yuckert*, 482 U.S. at 141-142; *Tackett*, 180 F.3d at 1098.

At step one, the Commissioner found that Plaintiff had not engaged in substantial gainful activity since October 31, 2011, the application date. Tr. 15.

At step two, the ALJ found Plaintiff suffered from the following severe impairments: multilevel lumbar degenerative disc disease, retrolisthesis, multilevel facet degeneration;

pancreatitis; diffuse liver steatosis; alcoholic hepatitis; hypertension; plantar fasciitis; alcoholism with alcohol induced depression and anxiety, controlled with sobriety and medication. Tr. 15.

At step three the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet or medically equal any listed impairment. Tr. 15. The ALJ then found Plaintiff has the following residual functional capacity ("RFC"):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). He can lift and/or carry 20 pounds occasionally and 10 pounds frequently in an eight-hour workday. He can stand and/or walk for six hours and sit for six hours in an eight-hour workday. He can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. He can never climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to hazards such as unprotected heights and use of moving machinery. He can perform simple routine repetitive tasks. He can perform occasional and simple decision making. He can tolerate only occasional and simple changes in work setting. He can have superficial interaction contact with supervisors, co-workers, and the general public.

Tr. 17.

At step four, the ALJ determined Plaintiff has no past relevant work. Tr. 26. At step five, the ALJ determined that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including Small Products Assembler II, Weld Inspector, and Inspector Packer. Tr. 27. Accordingly, the ALJ found that Plaintiff is not disabled within the meaning of the Act. Tr. 27.

## PLAINTIFF'S CLAIM

Plaintiff raises only one issue here: whether the ALJ erred in rejecting Plaintiff's testimony and statements about his impairments and their limiting effects.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill v. Astrue*, 698 F.3d 1153 1159 (2012) (internal quotations omitted); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISCUSSION

As noted, the sole issue presented by the Plaintiff is whether the ALJ erred in rejecting Plaintiff's testimony and statements about his impairments and their limiting effects. To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must perform two stages of analysis. 20 C.F.R. § 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). At the second stage of

the credibility analysis, absent evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Carmickle v. Commissioner Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

The ALJ must make findings that are sufficiently specific to permit the reviewing the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Tommasetti*, 533 F.3d at 1039. Factors the ALJ may consider when making such credibility determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medications, and relevant character evidence.[1] *Ghanim*, 763 F.3d at 1163. Not all of an ALJ's reasons for discrediting a claimant must be upheld, as long as substantial evidence supports the ALJ's determination. *Carmickle*, 533 F.3d at 1162.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the Plaintiff's alleged symptoms. Tr. 18. He found however, that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible. The ALJ cited two primary reasons for discounting Plaintiff's credibility:

---

[1] I note that the Social Security Administration recently "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy" to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p; Titles II and SVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14167 (Mar. 16, 2016) (superseding SSR 96-7p). Indeed, Plaintiff opens his discussion with this language. However, the changes to Administration practice articulated in SSR 16-3p could not apply to the ALJ decision at issue before this court, because 42 U.S.C. § 405(g) does not contain any express authorization from Congress allowing the Commissioner to engage in retroactive rulemaking. *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 214-215 & n.3 (1988); *Garner v. Colvin*, 626 Fed.Appx. 699, 701 (9th Cir. 2015).

6 - OPINION AND ORDER -

Plaintiff's treatment record is inconsistent with his testimony, and Plaintiff's claims of debilitated functioning are inconsistent with contemporaneous reports of actual functioning. Tr. 18.

The ALJ provided specific, clear and convincing reasons, backed by substantial evidence, for discounting the severity of Plaintiff's symptoms. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). First the ALJ noted that Plaintiff's treatment record is inconsistent with his testimony. Tr. 18. Contradiction with the medical record is sufficient basis for rejecting a claimant's subjective testimony. *Carmickle*, 533 F.3d at 1161; *see also Molina*, 674 F.3d at 1113 (upholding credibility finding where doctors concluded claimant's anxiety disorder was not severe and could be controlled with medication and self-calming measures).

The ALJ noted that during the hearing, Plaintiff testified that he is unable to work primarily due to severe pain from degenerative disc disease. Tr. 18. Plaintiff testified that he has constant pain in his lower back, generally rated at an average of 6/10 in severity but rises to 10/10 in severity twice daily. Tr. 18. As the ALJ further noted, however, in December 2011, Plaintiff reported to his doctor that the "pain meds [are] working well, denies side effects." Tr. 22, 280. A few months later, in March 2012, the doctor reiterated, "[f]eels his pain meds are controlling his pain." Tr. 22, 358. In April 2012, Plaintiff's back pain remained "stable." Tr. 22, 472. In May 2012, Plaintiff's back pain worsened and his doctor adjusted his pain medication dosage. Tr. 22, 467, 469. One month later Plaintiff told his doctor the pain medication was "making back pain livable," and his doctor continued to assess his back pain as stable. Tr. 22, 464, 466. In May 2013, Plaintiff reported he was "tolerating his medications well," and in September 2013, he told his doctor that his pain was "manageable." Tr. 22, 429, 435. The ALJ appropriately found that these treatment records contradicted Plaintiff's testimony and statements.

7 - OPINION AND ORDER -

My careful review of the record reveals that the ALJ's findings are wholly supported by substantial evidence. The contradiction with the medical record is a clear and convincing reason to discount plaintiff's credibility.

The ALJ also found that Plaintiff's claims of debilitated functioning are inconsistent with contemporaneous reports of actual functioning. Tr. 22. The ALJ supported this finding with a discussion of Plaintiff's specific activities of daily living. Tr. 22-23.

There are two possible bases upon which a claimant's activities of daily living can support an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The first is when the Plaintiff's activities are inconsistent with his testimony. *Id.* Even where the claimant's daily activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

The second basis is when the claimant's activities of daily living meet the threshold for transferability to a work setting. *Orn*, 495 F.3d at 639. To support a finding that a claimant's daily activities are transferrable to a work setting, an ALJ must find that the claimant spends "a substantial part of his day" performing these activities. *Id.*

Plaintiff argues the ALJ erred by not finding his activities of daily living were transferrable to a work setting or that he spends a substantial part of his day performing the activities. However, the ALJ need not make these findings because he invoked the first basis for considering the Plaintiff's activities of daily living.

Plaintiff testified that he was unable to work because of depression, fatigue, anxiety, and back pain, but back pain was his primary problem. Tr. 44. Due to back pain, Plaintiff stated, he believed

he could only sit for 30 to 45 minutes and stand for 20 at a time. Tr. 46. Although sobriety had helped his memory and pain complaints, Plaintiff testified he did not believe he could perform a simple job because he "wouldn't want to try it just yet. I don't feel strong enough." Tr. 53.

The ALJ noted that Plaintiff's counseling records indicate he was going to a 12-step meeting or church-related activity every day during the alleged period of disability. Tr. 22, 399. In addition, Plaintiff's roommate reported that Plaintiff rode a bicycle everywhere for transportation and that Plaintiff went out with his roommate and her boyfriend to play video poker. Tr. 22, 190, 191. After Plaintiff quit drinking, he became the primary care giver for his mother. Tr. 22, 413. Plaintiff did yard work, including gardening, and light household chores like cooking and doing laundry. Tr. 22, 54. The ALJ reasonably found that these activities reflected a greater functional capacity, both physically and mentally, than Plaintiff alleged.

Plaintiff argues alternate explanations of the inconsistencies cited by the ALJ. However, Plaintiff does not demonstrate that the ALJ's interpretation of the inconsistencies was invalid, and his disagreement with the ALJ's interpretation is not sufficient to overturn the ALJ's determination. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In short, the ALJ articulated specific, clear and convincing reasons for the adverse credibility determination that are backed by substantial evidence in the record as a whole. As such, the ALJ did not err in finding the Plaintiff not disabled.

///

///

///

///

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision denying benefits to Plaintiff is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 7 day of March, 2016.

*Malcolm F. Marsh*<br>
Malcolm F. Marsh<br>
United States District Judge